ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 30, 2008

The Honorable John J. Carona
Chair, Committee on Transportation and
   Homeland Security
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0676

Re: Amount of exemption from ad valorem taxation to which certain disabled veterans are entitled (RQ-0707-GA)

Dear Senator Carona:

You ask about an apparent conflict between Texas Constitution article VIII, section 2(b) and Tax Code section 11.22(a) authorizing property tax exemptions for disabled veterans in maximum amounts corresponding to specified ranges of disability ratings.[1] Specifically, you ask whether tax appraisal districts should use "the schedule of disability ratings and corresponding maximum exemption amounts listed in the constitution instead of the schedule listed in the Tax Code[.]" Request Letter, *supra* note 1, at 4.

## I. Legal Background

Before November 2007, article VIII, section 2(b) provided that a veteran with a disability rating[2] of (1) not less than 10 percent but not more than 30 percent could be granted an exemption of up to $5,000 of the value of the veteran's property, (2) more than 30 percent but not more than 50 percent could be granted an exemption of up to $7,500 of the property value, (3) more than 50 percent but not more than 70 percent could be granted an exemption of up to $10,000 of the property value, and (4) more than 70 percent could be granted an exemption of up to $12,000 of the property value. *See* TEX. CONST. art. VIII, § 2(b) (amended Nov. 6, 2007). Article VIII, section 2(b) was amended to take into account the rounding off of the disability ratings by the United States

---

[1]*See* Letter from Honorable John J. Carona, Chair, Committee on Transportation and Homeland Security, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas, at 1, 4 (Apr. 24, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]*See* TEX. TAX CODE ANN. § 11.22(h)(2) (Vernon 2008) (defining "disability rating" as "a veteran's percentage of disability as certified by the Veterans' Administration or its successor").

Department of Veterans Affairs (the "Department").[3] Article VIII, section 2(b) as amended in 2007 provides in relevant part that:

> A veteran having a disability rating of *not less than 10 percent but less than 30 percent* may be granted an exemption from taxation for property valued at *up to $5,000*. A veteran having a disability rating of *not less than 30 percent but less than 50* percent may be granted an exemption from taxation for property valued at up to $7,500. A veteran having a disability rating of *not less than 50 percent but less than 70* percent may be granted an exemption from taxation for property valued at up to $10,000. A veteran who has a disability rating of *70 percent or more* . . . may be granted an exemption from taxation for property valued at up to $12,000.

TEX. CONST. art. VIII, § 2(b) (emphasis added).[4] Tax Code section 11.22(a), which implements the exemptions authorized by article VIII, section 2(b) was not amended,[5] and tracks in substance the pre-2007 article VIII, section 2(b) disability rating categories. *See* TEX. TAX CODE ANN. § 11.22(a) (Vernon 2008) (emphasis added). *Compare id., with* TEX CONST. art. VIII, § 2(b) (amended Nov. 6, 2007).

Thus, you note, because the Legislature did not amend the section 11.22(a) disability rating categories consistent with article VIII, section 2(b), it is unclear whether a disabled veteran with a disability rating of 74 percent rounded down to an official rating of 70 percent is authorized to receive an exemption of $10,000 or $12,000. Request Letter, *supra* note 1, at 2.

---

[3]In certifying a veteran's disability percentage, the Department calculates the percentage taking into account the veteran's specific injuries and symptoms but then rounds off that number to the nearest 10 percent. TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS, NOV. 6, 2007, ELECTION, at 76–77 (Sept. 2007) (hereinafter TLC CONSTITUTIONAL ANALYSES). Thus, for instance, a veteran with a calculated disability of 34 percent was certified by the Department as having a 30 percent disability. *Id.* at 77. The effect of this rounding off under the pre-2007 constitutional disability rating categories was that certain disabled veterans received a lesser exemption: Because of the Department's rounding down to the nearest 10 percent, i.e., to 30 percent, the veteran could receive a maximum exemption of only $5,000 instead of $7,500. *See id.*

[4]By shifting veterans to the next higher disability rating category and corresponding maximum tax exemption amounts, the 2007 amendment's effect is that "the rounding down of a disability rating to the nearest 10 percent will not reduce the amount of the exemption to which a disabled veteran would otherwise have been entitled." *Id.* at 77. In the example given above in which the Department rounded down a veteran's disability rating from 34 percent to 30 percent, the veteran would become eligible for a maximum exemption of $7,500 that he would have been entitled to if the Department had not rounded down his disability rating. *Id.*

[5]House Bill 358, proposing corresponding amendments to Tax Code section 11.22, was passed by the House of Representatives and referred to the Senate Committee on Finance, but no further action was taken with respect to the bill. *See* Tex. H.B. 358, 80th Leg., R.S. (2007), *available at* Texas Legislature Online, http://www.capitol.state.tx.us/BillLookup/History.aspx?LegSess=80R&Bill=HB358 (last visited Oct. 28, 2008).

## II.    Analysis

You suggest that section 2(d), article VIII may address this issue. *See* Request Letter, *supra* note 1, at 3. Article VIII, section 2(d) directs that:

> *Unless otherwise provided by general law enacted after January 1, 1995, the amounts of the exemptions* from ad valorem taxation *to which a person is entitled* under Section 11.22, Tax Code, for a tax year that begins on or after the date this subsection takes effect *are the maximum amounts permitted under Subsection (b) of this section instead of the amounts specified by Section 11.22*, Tax Code. This subsection may be repealed by the Legislature by general law.

TEX. CONST. art. VIII, § 2(d) (emphasis added). In 2001, the Legislature amended Tax Code section 11.22 to merely conform the statutorily authorized maximum tax exemptions amounts to those set out in article VIII, section 2(b) as amended in 1995. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1420, § 18.002, sec. 11.22, 2001 Tex. Gen. Laws 4210, 4552–53. The Legislature did not thereby change the applicability of section 2(d). Accordingly, following January 1, 1995, the Legislature has not enacted a general law repealing article VIII, section 2(d) or "otherwise provided" for the maximum tax exemption amounts.

Article VIII, section 2(d) by its literal terms mandates that the maximum tax exemption amounts that a person is permitted under the constitution are to be given effect, rather than the amounts under Tax Code section 11.22. *See Stringer v. Cendant Mortgage Corp.*, 23 S.W.3d 353, 355 (Tex. 2000) (stating that when interpreting the Texas Constitution, "we rely heavily on its literal text and must give effect to its plain language"). The maximum amount to which a person may be entitled is determined by the disability rating category within which a person falls. *See* TEX. CONST. art. VIII, § 2(d); TEX. TAX CODE ANN. § 11.22(a) (Vernon 2008). As your example illustrates, certain persons would be entitled to different maximum amounts—$12,000 under article VIII, section 2(b), but $10,000 under Tax Code section 11.22(a)—based on their different categorization in the two provisions. Thus, the literal text of article VIII, section 2(d) supports its application to article VIII, section 2(b) such that the disability rating categories found therein apply over those found in Tax Code section 11.22(a).

Additionally, application of article VIII, section 2(d) effectuates the intended purpose and operation of article VIII, section 2(b). *See Stringer*, 23 S.W.3d at 355 (stating that a court strives "to give constitutional provisions the effect their makers and adopters intended" and may look at the provision's legislative history and purpose to achieve that end). First, article VIII, section 2(b)'s disability rating categories were amended to allow disabled veterans to receive the higher maximum tax exemption amounts permitted, as evidenced by legislative history as well as by a comparison of the literal text of section 2(b) before and after the 2007 amendment. *See supra* note 4; HOUSE COMM. ON WAYS & MEANS, BILL ANALYSIS, Tex. H.R.J. Res. 37, 80th Leg., R.S. (2007) (describing the amendment as allowing veterans "to receive the full . . . tax exemptions for which they are

qualified based on their true levels of disability" by "altering the exemption brackets by 1 digit per bracket to allow our system to align with the [Department's] rounded amounts").[6] Second, the 2007 amendment to article VIII, section 2(b) was apparently intended to be self-executing, and section 2(b) can be self-executing only by virtue of section 2(d). *See* TEX. CONST. art. VIII, § 2(b), (d); FISCAL NOTE, Tex. H.R.J. Res. 37, 80th Leg., R.S. (2007) ("Since the proposed constitutional amendment would be self-enacting, adoption of the amendment by Texas voters could result in a larger property tax exemption for disabled veterans.").

Based on (i) the literal text of Texas Constitution article VIII, section 2(d) and (ii) the intended purpose and operation of the 2007 amendments to the article VIII, section 2(b) disability rating categories, we conclude that the maximum tax exemption brackets permitted under section 2(b) are to be given effect instead of the brackets under Tax Code section 11.22(a). Accordingly, tax appraisal districts must use the schedule of disability ratings and corresponding maximum tax exemption amounts provided in article VIII, section 2(b) instead of those set out in Tax Code section 11.22(a).

---

[6]Senate Joint Resolution 29, which proposed the amendment to article VIII, section 2(b) adopted in 2007, was amended on the floor of the Texas House of Representatives to add the substance of proposed House Joint Resolution 37. *See* H.J. of Tex., 80th Leg., R.S. 5081, 5082 (2007); Tex. H.R.J. Res. 37, 80th Leg., R.S. (2007).

## S U M M A R Y

Tax appraisal districts must use the schedule of disability ratings and corresponding maximum property tax exemption amounts for disabled veterans provided in article VIII, section 2(b) of the Texas Constitution instead of those set out in Tax Code section 11.22(a).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee